STATE v. JACK REYNOLDS.

(Filed 23 September, 1942.)

**Burglary and Unlawful Breaking § 1c—**

On indictment for burglariously breaking and entering a room in a building used as a sleeping apartment, where the State's witness testified to a felonious breaking and entry, and identified defendant as the perpetrator, motion to nonsuit under C. S., 4643, is properly denied.

APPEAL by defendant from *Bobbitt, J.,* at June Term, 1942, of STOKES. No error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*
*Folger & Folger for defendant.*

DEVIN, J. The defendant was charged with burglariously breaking and entering a room in a building used and occupied at the time by the State's witness as a sleeping apartment. It was charged that the breaking and entering were with intent to commit a robbery, and that the State's witness was robbed of a sum of money.

The solicitor announced that he would not ask for a verdict of guilty of burglary in the first degree. The jury returned verdict of guilty, and from judgment imposing prison sentence the defendant appealed.

The defendant assigns as error the denial by the court below of his motion for judgment as of nonsuit. An examination of the record before us leads to the conclusion that this motion was properly denied. The State's witness testified on the trial to the fact of the felonious breaking and entry, and identified the defendant as the perpetrator. While the force of this testimony was somewhat weakened by evidence tending to show contradictory statements made by the witness, the weight of the testimony and its probative value were matters for the jury.

The exceptions noted to the rulings of the court in the admission of testimony for the purpose of corroboration cannot be sustained.

In the trial we find